**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| John P. Cahill | ) | Judge Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Case No. 10-40929 |
| | ) | |
| | ) | Hearing: June 14, 2011 at 11:30am |

**NOTICE OF MOTION**

To:   See attached service list

PLEASE TAKE NOTICE that on June 14, 2011 at 11:30am, I shall appear before the Honorable Jack B. Schmetterer, or any other Judge sitting in his stead, in Courtroom 682, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and shall then and there present the Debtors' **Motion for Entry of a Final Order and Decree Closing his Chapter 11 Case,** a copy of which is enclosed and is herewith served upon you, and at which time and place you may appear and be heard.

/s/ Philip Groben
One of Debtors' attorneys

Philip Groben #6299914
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
312.759.2838

**CERTIFICATE OF SERVICE**

I, Philip Groben, an attorney, certify that I have served a true and correct copy of the above notice and the documents to which it refers on those whose names appear on the attached service list by electronic case filing or U.S. Mail, first class, postage prepaid from 79 W. Monroe St., Suite 900, Chicago, IL 60603, as indicated on the list, at or before 5:00 p.m. on June 6, 2011.

/s/ Philip Groben

## SERVICE LIST

**Via CM/ECF**
**US Trustee**
Patrick S. Layng
Office of the United States Trustee
Northern District of Illinois
219 S. Dearborn St., Room 873
Chicago, IL 60604

Sun Trust Bank
David J Frankel
Sorman & Frankel, Ltd
203 N. LaSalle Street, Suite 2350
Chicago, IL 60601

**Via U.S. Post:**
John P. Cahill
507 Ridgelawn Trail
Batavia, IL 60510

Branch Banking & Trust Co.
Bankruptcy Section /100-50-01-51
PO Box 1847
Wilson, NC 27894-1847

SunTrust Bank
Attn: Support Services
P.O. Box 85092
Richmond, VA 23286

GMAC
Attn: Bankruptcy Dept.
1100 Virginia Drive
Fort Washington, PA 19034

Flagstar Bank
Attn: Bankruptcy Dept MS-S144-3
5151 Corporate Dr
Troy, MI 48098

Ally Financial
P.O. Box 130424
Roseville, MN 55113

Acura Financial Services
P.O. Box 168088
Irving, TX 75016-8088

Wells Fargo Dealer Services, Inc.
PO Box 19657
Irvine, CA 92623-9657

Roan County Trustee
P.O. Box 296
Kingston, TN 37763

Rarity Meadows HOC
100 Rarity Bay Pkwy
Vonore, TN 37885

City of Oak Ridge
Municipal Bldg., Bus. Office
P.O. Box 1
Oak Ridge, TN 37831

McMinn County Trustee
McMinn County Courthouse
6 East Madison Ave.
Athens, TN 37303

Homeowners Assn
Rarity Ridge OAI
100 Rarity Bay Pkwy
Vonore, TN 37885

American Express
c/o Becket and Lee LLP
Po Box 3001
Malvern, PA 19355-0701

USAA Federal Savings Bank
CO Weinstein and Riley, PS
2001 Western Ave., Ste 400
Seattle, WA 98121

Discover Bank
Dfs Services, LLC
PO Box 3025
New Albany, OH 43054-3025

Bank Of America
Po Box 17054
Wilmington, DE 19850

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| John P. Cahill | ) | Judge Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Case No. 10-40929 |
| | ) | |
| | ) | Hearing: June 14, 2011 at 11:30am |

## MOTION FOR ENTRY OF A FINAL ORDER AND DECREE
## CLOSING A CHAPTER 11 CASE

Debtor and Debtor in Possession, John P. Cahill (the "Debtor"), by and through his attorneys at Forrest L. Ingram, P.C., hereby apply for entry of a final order and decree, closing the above captioned chapter 11 case. In support of this application, the Debtor states:

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to §§ 1408 and 1409.

2. Title 11 of the U.S. Code (hereinafter referred to as the "Bankruptcy Code"). Lays forth the statutory requirements for the relief requested herein.

3. The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on September 13, 2010.

4. The Debtor's plan of reorganization was confirmed on March 22, 2011.

5. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

6. Although the meaning of "fully administered" is not settled, courts have determined that it means "the point when the estate reaches substantial consummation as defined by Section

1101(2) of the Bankruptcy Code." *In re Wade*, 991 F.2d 402, 407 n.2 (7th Cir. 1992). Section 1101(2) of the Bankruptcy Code provides that:

> 'Substantial consummation' means –
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtors under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

In addition, courts have directed that the following events should be considered when determining if an estate has been fully administered, "1) when the order confirming the plan has become final, 2) when deposits have been distributed, 3) when payments under the plan have been commenced, and 4) when all motions, contested matters, and adversary proceedings have been resolved." *Wade*, 991 F.2d at 407 n.2.

7. The Debtor's estate has been fully administered for the following reasons:

    a. The order confirming the plan on March 22, 2011 has become final.

    b. The Debtors have paid the administrative priority claims of the bankruptcy estate.

    c. The Debtor has transferred the real property commonly known as Lots 14, 15, and 383 to its respective secured creditor.

    d. The Debtor continues to make plan payments on the Secured Claims which were assumed by the Debtor in the Plan,

    e. On May 1, 2011 the Debtor began to make payments to the holders of unsecured claims entitled to priority to the Bankruptcy Code.

    f. There are no contested matters and no adversary proceedings to resolve.

8. Pursuant to Plan projections and requirements, payments to the General Unsecured Creditors will begin in August 2013.

9. A Report of Plan Distributions which provides greater detail as to the transactions referred to in Paragraph 7 has been filed with the Court. The Report of Plan Distributions is available for viewing on the Court's Docket or by contacting Debtor's attorney.

10. The Debtor is current in the amounts owed to the Office of the United States Trustee.

11. Since the Debtor is an individual, and his resources are limited, he ask this Court to close his bankruptcy case on June 14, 2011 to avoid incurring further costs associated with keeping a chapter 11 case open.

12. Pursuant to Local Rule 3022-1 notice of this motion has gone to all creditors.

WHEREFORE, the Debtor and Debtor in Possession prays that this Honorable Court enter a final decree, closing the chapter 11 case. Debtor also asks for such further relief as may be just.

Respectfully submitted,

        JOHN P. CAHILL,
           Debtor and Debtor in Possession

By:   /s/ Philip Groben
      One of his attorneys

Philip Groben #6299914
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603-4907
(312) 759-2838